**UNITED STATES of America, Appellant,**

v.

**Robert George FRANGENBERG, Appellee.**

**UNITED STATES of America, Appellant,**

v.

**Jerry Wayne WIESE, Appellee.**

No. 93–1633.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1993.

Decided Jan. 27, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 21, 1994.

Michael M. Hobart, Asst. U.S. Atty., argued, for appellant.

Rogert E. McEntaffer, Sioux City, IA, argued, for Wiese.

Stanley E. Munger, Sioux City, IA, argued, for Frangenberg.

Before McMILLIAN, BOWMAN, and MAGILL, Circuit Judges.

BOWMAN, Circuit Judge.

Robert Frangenberg and Jerry Wiese were charged with unlawful possession of, and aiding and abetting the unlawful possession of, an unregistered machine gun without a serial number and an unregistered hand grenade. The District Court granted Frangenberg's motion to suppress the weapons and denied Wiese's similar motion, holding that Wiese lacked standing to challenge the search that led to the seizure of the weapons. The court did grant Wiese's motion to suppress the statement he made to police after being taken into custody, wherein he admitted ownership of one of the automatic weapons discovered in the searches. The United States appeals,[1] and we reverse.

We summarize the District Court's findings of fact concerning the challenged searches and seizures, as there is no suggestion by the government that they are clearly erroneous. *See United States v. Riedesel,* 987 F.2d 1383, 1387 (8th Cir.1993). In April 1989 Catherine Huff gave a used prescription bottle with her name on it to an employee at a pharmacy in Cherokee, Iowa, through a drive-up window, and asked for a refill of the prescription. The prescription refill was dispensed in a new container. When the pharmacist opened the old bottle, he found a dry, green leafy substance inside and called the police, suspecting that the substance was marijuana.[2]

Officer Charles Stubbe, also believing the substance to be marijuana, sought the counsel of an assistant Cherokee County attorney in completing the application for a state warrant to search the residence Stubbe knew to be Huff's. Stubbe took the application to a magistrate who questioned Stubbe under oath and then issued a warrant to search the residence at 203 North Roosevelt and two vehicles owned or occupied by Huff. The warrant authorized a search for controlled

1. Although Wiese filed a notice of appeal in the District Court, and the appeal was docketed by this Court (No. 93–1703), we dismissed Wiese's appeal on the government's motion on May 28, 1993. Therefore, we do not consider Wiese's arguments advanced in his brief taking exception to the District Court's determination that he lacked standing to challenge the constitutionality of the search warrants.

2. According to the pharmacist's affidavit, a woman other than Huff (not identified in the record) later returned to the pharmacy to retrieve the original container. The pharmacist told this woman that the bottle had been disposed of.

substances, including a green leafy substance believed to be marijuana, and for drug paraphernalia.

Officers executed the warrant at eight o'clock that evening and found Huff, Frangenberg, Wiese, and another person, unidentified in the record, at the home. Frangenberg was living with Huff at the time and Wiese was visiting. According to the undisputed testimony at the suppression hearings, Frangenberg and Wiese made a dash up the stairs to the second floor bedroom and were ordered by the officers to return downstairs. The four were subjected to a pat-down search, advised of their *Miranda*[3] rights, and told to remain in the living room during the search.

One of the searching officers found, in plain view on the second floor, a hand grenade and at least one firearm identified as an automatic weapon. At that point, Stubbe stopped the search and returned to the assistant county attorney and the magistrate to swear out a search warrant for weapons. After the search resumed, the officers seized firearms in various stages of assembly, the hand grenade, gunsmith milling equipment, and three small bags of marijuana. Frangenberg and Wiese were taken to the police station and given *Miranda* warnings again. Subsequently, in a statement to police, Wiese admitted ownership of the British Sten gun, one of the automatic weapons seized.

In granting Frangenberg's motion to suppress the evidence seized pursuant to the two warrants, the District Court concluded that the government had virtually conceded that the first warrant was unsupported by probable cause and that Stubbe could not have relied in good faith upon the warrant, thus rendering the search unconstitutional. Because the probable cause to support the second warrant came to the officers only because of the first search, which was determined by the court to be illegal, the evidence seized pursuant to the second warrant (but again only as to Frangenberg) also was suppressed. Wiese's statement admitting own-

ership of the Sten gun was suppressed because, according to the District Court, Wiese's person was illegally seized at the time he made the statement, since his detention was pursuant to an invalid warrant. The other evidence as to Wiese was not suppressed because the District Court held that Wiese did not have standing to challenge the search of the residence.

The government's contention that the first search warrant was supported by adequate probable cause is open to serious debate, despite the deference accorded the issuing magistrate's finding of probable cause. *See United States v. Curry*, 911 F.2d 72, 75 (8th Cir.1990), *cert. denied*, 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). Detail in Stubbe's affidavit is sparse, essentially noting only that Huff presented to a pharmacist a prescription bottle that was found to contain suspected marijuana. The warrant does not indicate how Huff was connected to the place to be searched. We doubt that the information in the warrant application, standing alone, provides an adequate basis to conclude that there was "a fair probability that contraband or evidence of a crime" would be found at 203 North Roosevelt. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

We do not decide the probable cause issue, however, because we hold that the objective good-faith exception to the exclusionary rule, as set forth in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies here.[4] *See United States v. Chambers*, 987 F.2d 1331, 1334 (8th Cir.1993) ("Appellate courts can properly analyze the issue of the *Leon* good-faith exception to the exclusionary rule before reviewing the issue of probable cause."). Under *Leon*, evidence seized pursuant to a warrant issued by a magistrate but later determined to be invalid will not be suppressed if the executing officer's reliance upon the warrant is objectively reasonable.

According to *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420, there are four circumstances

---

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Because it is unnecessary in view of our decision, we do not consider Frangenberg's argument that the government waived its right to challenge the finding of no probable cause.

wherein reliance upon an invalid search warrant is *per se* unreasonable. If an affiant makes a false statement, or recklessly disregards the truth in making a statement, thus misleading the issuing official, then the *Leon* exception cannot be invoked. No such action on the part of Stubbe or the pharmacist is alleged here. If the magistrate abandons his judicial role in approving the warrant, acting only as a "rubber stamp" to the warrant application, then the exclusionary rule still will apply. Again, there is no such suggestion here. There also is no indication that the warrant is facially deficient, that is, lacking in detail as to the place to be searched or the objects to be found, such that Stubbe could not reasonably have relied on the warrant. The fourth exception to *Leon*, and the one suggested by Frangenberg to be applicable here, is applied when the affidavit upon which the warrant is based is so deficient of any indication of probable cause that reliance upon it by an officer is entirely unreasonable. We do not think that is the situation here.

Although the good-faith standard is an objective one, "it is appropriate to take into account the knowledge that an officer in the searching officer's position would have possessed." *Curry*, 911 F.2d at 78. Thus we look at the "totality of the circumstances including what [Officer Stubbe] knew but did not include in his affidavit." *Chambers*, 987 F.2d at 1335. Stubbe testified that he had personal knowledge that Huff had been arrested previously on drug charges (albeit some years earlier). He knew Huff and had personal knowledge of where she lived. It was Stubbe's experience and belief, not objectively unreasonable, that prescription bottles are normally kept at a patient's residence, thus linking the marijuana to 203 North Roosevelt. He knew that someone had returned to the pharmacy asking for the original prescription bottle after the refill had been dispensed in a new bottle. Further, Stubbe consulted a county attorney who offered what reasonably could be believed to be legally competent counsel on applying for the warrant. *See United States v. Tagbering*, 985 F.2d 946, 951 (8th Cir.1993) (taking into consideration in *Leon* analysis the fact that the county prosecutor reviewed the affidavit). Stubbe's ultra-cautious action in ap-

plying for the second warrant, unnecessary when the grenade and machine gun were in plain view, *see Riedesel*, 987 F.2d at 1392, certainly does not evidence a cavalier approach to Fourth Amendment protections on the part of this officer.

We hold that the evidence seized in the search made pursuant to the first warrant need not be suppressed, as the search falls within the *Leon* good-faith exception to the exclusionary rule. Thus the second warrant (supported by probable cause established as a result of the first constitutional search), as well as the seizure of evidence pursuant to the second warrant, were constitutional, and that evidence should not be suppressed. Finally, because the seizure of Wiese's person was supported by probable cause established through constitutional searches, his voluntary statement to police admitting ownership of the Sten gun should not be suppressed.

The judgment of the District Court on the issues appealed by the government is reversed.

McMILLIAN, J., concurs in the result.