# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 99-3843

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Raymond Marion, | * | |
| | * | |
| Appellant. | * | |

————————

Submitted: March 14, 2000

Filed: February 6, 2001

————————

Before McMILLIAN and HEANEY, Circuit Judges, and BOGUE,[1] Senior
District Judge.

————————

McMILLIAN, Circuit Judge.

Raymond Marion appeals from a final judgment entered in the District Court[2] for
the District of Nebraska, pursuant to a conditional guilty plea, finding him guilty of one

———————————————

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the
District of South Dakota, sitting by designation.

[2]The Honorable Warren K. Urbom, Senior United States District Judge for the
District of Nebraska.

count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 188 months imprisonment, 5 years supervised release, and a special assessment of $100.00. For reversal, Marion argues that the district court erred in applying the good faith exception under United States v. Leon, 468 U.S. 897 (1984), to deny his motion to suppress evidence seized from the motel room. For the reasons discussed below, we affirm the judgment of the district court.

The district court had jurisdiction over this criminal matter under 18 U.S.C. § 3231. Marion filed a timely notice of appeal pursuant to Fed. R. App. P. 4(b). We have jurisdiction over the appeal under 28 U.S.C. § 1291. He does not raise any sentencing issues in this appeal.

The following statement of facts is taken in large part from the report and recommendation of the magistrate judge.[3] On December 1, 1998, at about 3:45 p.m., Lincoln, Nebraska, police officer Forrest Dalton received an anonymous telephone tip that, at about 2:45 p.m., Marion, also known by the nickname "Ray Ray," had left Lincoln to pick up some crack cocaine in Omaha, that he was driving either a blue and white Bronco or a white Cadillac, and that both vehicles were registered in the name of Rhonda Smith. (Omaha is about an hour's drive from Lincoln.) The tipster also said that Marion was staying in Lincoln at the Oak Park Motel in either room 15 or 16.

Several hours later, at about 6:40 p.m., Dalton went to the motel and set up surveillance. He saw a blue and white Bronco parked near room 16. A check of the license plate number showed that the Bronco was registered to Rhonda Smith. About an hour later, at 7:23 p.m., the police observed an individual who was later identified as Marion leave room 16, get into the Bronco and drive away. The police followed the

_____

[3]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

-2-

Bronco; Marion made several brief stops after leaving the motel. The police knew that Marion's driver's license had been suspended. At about 8:15 p.m., the police stopped the Bronco. During a pat-down search following the stop, the police found a small amount of marijuana in Marion's pants pocket. The police put Marion in the back seat of the police car. The police confirmed that Marion's license had been suspended and arrested him on that charge. Meanwhile, other police officers searched the Bronco and found more marijuana, a key for room 16 at the Oak Park Motel, a knife, a pager, and a plastic bag containing a substance that looked like crack cocaine concealed inside an open, half-full, partially crushed beer can. A preliminary test of the substance was positive for cocaine. The net weight of the crack cocaine found inside the beer can was 2.39 grams, a quantity which one of the police officers, who had 15 years of experience in narcotics investigations, testified was more than an amount for personal use.

Dalton then prepared an application for a search warrant for the motel room. The affidavit included information provided by the anonymous telephone tipster; the fact that some of that information had been corroborated by independent police investigation; the facts surrounding the stop of the Bronco, the arrest and search of Marion and the Bronco (including the seizure of marijuana, crack cocaine and the key to Oak Park Motel room 16); and Marion's four previous citations for possession of marijuana. A state judge issued the search warrant authorizing the police to search the motel room for controlled substances, drug paraphernalia, and any documents relating to drug sources, customers, proceeds, and occupancy. In the motel room the police found marijuana, 2 bags of an "off-white substance" (which was later determined to be a total of 16.37 grams of crack cocaine), drug paraphernalia (including items commonly used to cook or "rock up" crack cocaine), and more than $5,000 in cash.

A federal grand jury indicted Marion and charged him with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He entered a plea of not guilty and filed motions to suppress evidence seized from the Bronco and the motel room and certain statements he made after his arrest. Following

a suppression hearing, the magistrate judge recommended denial of the motions to suppress. The magistrate judge recommended denying the motion to suppress statements because Marion had not made the incriminating statements (that he had just bought the drugs and how much he had paid) in response to any police interrogation and had made them voluntarily. United States v. Marion, No. 4:98CR3112, slip op. at 5 (D. Neb. Apr. 21, 1999) (report and recommendation).

The magistrate judge also recommended denying the motion to suppress evidence found in the Bronco because the police knew Marion's driver's license had been suspended and thus had probable cause to stop the Bronco and arrest him without a warrant. Id. at 6. The magistrate judge found that the pat-down search of Marion's pants pocket was valid because the police would have inevitably discovered the marijuana in a search of his person incident to arrest. Id. at 6-9 & n.2 (declining to decide whether police can conduct pat-down search of traffic violator before placing him or her in back seat of patrol car absent reasonable fear for officer safety), citing United States v. Glenn, 152 F.3d 1047, 1049-50 (8th Cir. 1998), and United States v. Connor, 127 F.3d 663, 667 (8th Cir. 1997). Similarly, the magistrate judge found that the search of the Bronco was valid either as a search incident to arrest or, if the search preceded arrest, because the police would have inevitably discovered the evidence (for example, during a search incident to arrest at that time or later during a inventory search). Id. at 9.

With respect to the motion to suppress the evidence found in the motel room, the magistrate judge found that there was no probable cause to search the motel room because "nothing in the affidavit . . . support[ed] a conclusion that there existed a 'fair probability' that criminal activity was occurring in the motel room, nor that evidence of criminal activity would be found there." Id. Thus, the issue was whether to apply the "good faith" exception to the exclusionary rule. Id. The magistrate judge noted that there was no allegation that the issuing judge was not neutral or any showing of purposeful dishonesty on the part of the affiant officer. Id. at 12. The magistrate judge

-4-

noted that the information in the affidavit was accurate, although incomplete, because several facts had been omitted, specifically, the fact that Marion had made "at least two, maybe three" stops after leaving the motel before the traffic stop and that the amounts of marijuana and crack cocaine seized were very small and thus either too small to raise an inference of drug trafficking or at least small enough to have caused the issuing judge to require additional information. Id. Without expressly finding that the affiant officer recklessly omitted these facts, the magistrate judge concluded that the omissions could have misled the issuing judge, id., but that supplementing the affidavit with the omitted information would not have changed the finding of probable cause. Id. at 13. The magistrate judge then considered whether the executing officers reasonably believed that the search warrant was valid, especially in light of the fact that the affiant officer was one of the executing officers, and concluded that the executing officers were entitled to rely on the judgment of the issuing judge that there was probable cause. Id. at 14.

Marion filed objections. The district court overruled the objections, adopted the report and recommendation of the magistrate judge and denied the motions to suppress. Marion entered a conditional guilty plea pursuant to a written plea agreement in which he specifically reserved the right to appeal the district court's decision on the motions to suppress. The district court sentenced him to 188 months imprisonment, 5 years supervised release and a special assessment of $100.00. This appeal followed.

For reversal, Marion argues that the district court erred in applying the good faith exception because the affidavit for the search warrant was so lacking in indicia of probable cause that the executing officers' reliance on the issuing judge's determination of probable cause was not objectively reasonable. Marion argues that there was no information in the affidavit that he was a drug dealer (he argues that small amounts of drugs found on his pants pocket and in the Bronco were consistent with personal use)

or why evidence of drug activity would be found in the motel room.[4]  He also argues that the executing officers should be presumed to know clearly established legal precedents, citing specifically United States v. Frangenberg, 15 F.3d 100, 102 (8th Cir.) (warrant upheld under Leon even though warrant did not indicate how individual who presented prescription bottle containing suspected marijuana was connected to place to be searched), cert. denied, 512 U.S. 1210, 513 U.S. 856 (1994), and State v. Johnson, 6 Neb. App. 817, 827, 578 N.W.2d 75, 82 (1998) (holding no probable cause to search defendant's house for drugs after small amount of drugs consistent with personal use was found during search of defendant incident to arrest; defendant was not arrested at home), aff'd on other grounds, 256 Neb. 133, 146, 589 N.W.2d 108, 118 (1999) (finding affiant officer knowingly omitted from affidavit material fact that amount of drugs found on defendant was consistent with personal use), overruled on other grounds by State v. Davidson, 260 Neb. 417, 427, 618 N.W.2d 418, 427 (2000) (in assessing good faith of officer in conducting search pursuant to warrant, appellate court must look to totality of circumstances, including information not included within four corners of affidavit).

The government argues that this court can assume for purposes of analysis that the search warrant lacked probable cause and turn immediately to consider the issue of the application of the good faith exception.  See United States v. Leon, 468 U.S. at 925 (reviewing courts may exercise informed discretion in choosing to consider whether officers acted reasonably without resolving Fourth Amendment issue); see, e.g., United States v. Weeks, 160 F.3d 1210, 1212 (8th Cir. 1998); United States v. Taylor, 119 F.3d 625, 629 (8th Cir.), cert. denied, 522 U.S. 962 (1997); United States

_____

[4]Although Marion argues that there was insufficient information in the search warrant affidavit to establish a temporal nexus, see Brief for Appellant at 12, we think that this argument refers to a spatial nexus between a particular location (here, the motel room) and contraband or evidence of a crime.  See, e.g., United States v. Etheridge, 165 F.3d 655, 657 (8th Cir. 1999).

v. Frangenberg, 15 F.3d at 102.  The government argues that the district court did not err in applying the good faith exception because the executing officers' reliance upon the warrant was objectively reasonable.  On the merits, the government argues that the affidavit established the requisite nexus between Marion, the Bronco, probable drug activity, and the motel room.

Assuming, without deciding, for purposes of analysis that the search warrant lacked probable cause to search the motel room, we hold that the district court did not err in applying the good faith exception in this case.  We review the application of the good faith exception de novo.  See, e.g., United States v. Taylor, 119 F.3d at 629.

> In United States v. Leon, 468 U.S. [at 922-23], the Supreme Court held that the Fourth Amendment exclusionary rule should not be applied to exclude the use of evidence obtained by officers acting in reasonable reliance on a detached and neutral magistrate judge's determination of probable cause in the issuance of a search warrant that is ultimately found to be invalid.  The officer's reliance on the magistrate judge's probable cause determination must be objectively reasonable.  Four circumstances exist in which the Leon good faith exception does not apply and suppression remains an appropriate remedy:  (1) the magistrate judge issuing the warrant was misled by statements made by the affiant that were false or made "in reckless disregard for the truth"; (2) "the issuing magistrate judge wholly abandoned his [or her] judicial role"; (3) the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid."

Id.

Marion argues that the third Leon exception is applicable here.  He argues that the executing officers' reliance on the issuing judge's determination of probable cause was entirely unreasonable because the affidavit contained so few indicia of probable

cause to believe criminal activity was occurring in the motel room or that evidence of criminal activity would be found there. We disagree. First, the affidavit established a connection between Marion and the motel room. The anonymous telephone tipster stated that Marion was staying in a particular motel in room 15 or 16, the police had observed him leave motel room 16, and the key to that room was found in the Bronco. Report and recommendation, slip op. at 4. What the affidavit lacked was any connection between the motel room and any criminal activity. Id. Nonetheless, we agree with the district court that the executing officers' reasonably relied on the issuing judge's determination that there was probable cause to search the motel room for evidence of drug activity.

"When assessing the objective [reasonableness] of police officers executing a warrant, we 'must look to the totality of the circumstances,' including any information known to the officers but not presented to the issuing judge." United States v. Simpkins, 914 F.2d 1054, 1057 (8th Cir. 1990) (citation omitted), cert. denied, 498 U.S. 1101 (1991). In the present case the affiant officer, who was an experienced narcotics officer, testified at the suppression hearing that he saw Marion make two or three stops after leaving the motel room and that such brief stops are consistent with drug distribution. In addition, the affiant officer and the officer who found the cocaine inside the beer can (and who was also an experienced narcotics officer) each testified that that amount of crack cocaine was consistent with distribution and much greater than an amount typical of personal use. This information was not included in the affidavit. However, that information, plus the information in the affidavit from the anonymous telephone tipster, which was corroborated in part by police investigation, that Marion was staying in the motel room and that he had left Lincoln to pick up crack cocaine in Omaha, and that crack cocaine had been found in the Bronco, was sufficient to show that the executing officers' reliance on the issuing judge's determination of probable cause to search the motel room for evidence of drug activity was objectively reasonable. See, e.g., United States v. Weeks, 160 F.3d at 1212-13; United States v. Frangenberg, 15 F.3d at 103; cf. United States v. Etheridge, 165 F.3d 655, 657-58 (8th

Cir. 1999) (holding affidavit was sufficient to establish a link between defendant, evidence of criminal activity and defendant's mother's house).

In sum, we hold that the district court did not err in applying the good faith exception to deny his motion to suppress evidence seized from the motel room. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.