*593 OPINION
SILER, Circuit Judge.
Defendants Lonnie D. and Sheila J. Carpenter were convicted of manufacturing marijuana. One of the issues that they raised on appeal was a claim that the district court erred in failing to suppress the evidence of their illegal activity. The government cross-appealed the district court’s ruling that limited the amount of the Carpenters’ land subject to forfeiture. A divided panel of this court affirmed in part, vacated in part, and remanded the case for further proceedings. United States v. Carpenter, 317 F.3d 618 (6th Cir.2003).
Rehearing en banc was subsequently granted in order to consider a question regarding the application of United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), that is, whether a search conducted pursuant to an invalid warrant may be saved under the “good-faith exception” on the basis that the officers had other information that was not presented to the issuing magistrate, but that would have established probable cause. We need not reach that question because we conclude that the police officers’ reliance on the deficient warrant was reasonable because the information that ivas presented to the issuing judge was sufficient to support a good-faith belief in the warrant’s validity. We therefore REINSTATE the judgment of the panel in this case, and adopt the panel opinion except for its discussion of the Leon good-faith exception, and REMAND the case to the district court for further proceedings.
I. BACKGROUND
A. Factual background
In June 1999, Police Lieutenant Robert Crumley was conducting helicopter surveillance over -Hawkins County, Tennessee. He spotted patches of marijuana growing in fields approximately 900 feet away from a residence belonging to the Carpenters. In addition, he observed beaten paths leading from the back door of the residence to the marijuana patches and saw two men, who turned out to be Lonnie Carpenter and his son, walking from the patches toward the residence. Crumley relayed this information to a team of police officers on the ground.
Captain Ronnie Lawson, a member of the ground team, sought a warrant to search the residence. A state judge, satisfied that Lawson’s affidavit established probable cause, issued the requested search warrant. The affidavit, which the warrant incorporated, described the location of the Carpenter residence and then set forth the following reasons (in exactly the syntax shown) why Lawson believed that evidence of criminal conduct would be found in the residence:
On June 23, 1999 at approx 12:30 pm, Helicopter Pilot Lt Bob Crumley was conducting, an aerial search of Hawkins Co when he was flying over the above described property he saw numerous Marijuana Plants growing. Near the residence.
Upon information I received from Lt Crumley, there is a road connecting the above described residence to the Marijuana Plants. Having personal knowledge that Lt. Crumley is certified in the identification of Marijuana I feel there is probable cause to search the said residence and property and seize any illegal contraband found.
Armed with this warrant, police officers searched the Carpenters’ residence. They seized marijuana, marijuana seeds, and other items associated with marijuana manufacturing.
*594 B. Procedural background
In July 1999, the Carpenters were indicted for manufacturing marijuana and with employing a minor to assist them, in violation of 21 U.S.C. §§ 841 and 861, respectively. The indictment also sought the forfeiture of the Carpenters’ real property, a 100-acre farm, on the basis that it had been “used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of’ marijuana manufacturing. 21 U.S.C. § 853(a)(2).
The district court subsequently denied the Carpenters’ motions to suppress the evidence seized during the search of their residence. The Carpenters were eventually acquitted on the charge that they employed a minor to manufacture marijuana, but were found guilty of manufacturing marijuana. The jury also concluded that the Carpenters’ property had been used to commit the crime, thereby triggering a forfeiture of the property.
II. ANALYSIS
A. The motions to suppress

1. Standard of review

In reviewing the denial of a motion to suppress, we defer to the district court’s factual findings unless they are clearly erroneous. Legal conclusions, however, are reviewed de novo. United States v. Bartholomew, 310 F.3d 912, 919 (6th Cir.2002), cert. denied, 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003).

2. Whether the affidavit provided a substantial basis for the determination of probable cause

The Fourth Amendment provides that “no Warrants shall issue, but upon probable cause, supported by Oath or affirmation.” U.S. Const, amend. IV. In determining whether an affidavit establishes probable cause,
[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.
Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal quotation marks and alterations omitted).
To justify a search, the circumstances must indicate why evidence of illegal activity will be found “in a particular place.” There must, in other words, be a “nexus between the place to be searched and the evidence sought.” United States v. Van Shutters, 163 F.3d 331, 336-37 (6th Cir.1998). Lawson’s affidavit did not provide a substantial basis for the issuing judge’s conclusion that probable cause -existed to search the Carpenters’ residence, because it failed to set forth sufficient facts that incriminating evidence would be found there, rather than in some other place.
The facts that marijuana was growing “near” the residence and that a road ran nearby fall short of establishing the required nexus between the Carpenters’ residence and evidence of marijuana manufacturing. If Lawson’s affidavit had stated that beaten paths led from the marijuana patches to the door of the residence, and that two men had been spotted walking from the marijuana patches to the residence, the affidavit would likely have been sufficient to establish probable cause. See United States v. Robins, 978 F.2d 881, 892 (5th Cir.1992) (holding that where a police detective has ascertained that a particular person, Robins, was a marijuana dealer, “[tjhere was undoubtedly an adequate nex *595 us, between Robins’ residence and Detective Soule’s allegations to the Magistrate Judge about Robins’ marijuana operation, to support the search warrant for the marijuana and related records [that] Detective Soule’s experience and common sense told him would likely be at Robins’ residence”); United States v. Malin, 908 F.2d 163, 166 (7th Cir.1990) (holding that a police officer’s “observation of marijuana growing in Malin’s [fenced] yard reasonably yielded the conclusion that marijuana or other evidence of marijuana possession would be found in Malin’s house”).
These additional facts, however, were not included in the affidavit. The facts in the affidavit that did connect the marijuana patches and the residence were too vague, generalized, and insubstantial to establish probable cause. We therefore conclude that the state judge lacked a substantial basis to determine that probable cause existed to search the Carpenters’ residence. The government, indeed, concedes this point. Because the search of the Carpenters’ residence violated the Fourth Amendment, we are left with the question of whether the evidence seized should be suppressed.

3. The good-faith exception to the exclusionary rule

“When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure.” Illinois v. Krull, 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). Courts should not, however, suppress “evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant.” United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). But this good-faith exception to the exclusionary rule does not apply in circumstances where “the officer will have no reasonable grounds for believing that the warrant was properly issued.” Id. at 923,104 S.Ct. 3405. Thus, an officer would not “manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Id. (quotation omitted).

a. Whether the officers had a reasonable basis to believe that the information actually submitted supported the issuance of the search warrant

Pursuant to Leon, we must now decide whether the officers in the instant case had a reasonable basis to believe that the information that was submitted supported the issuance of the search warrant. In considering this question, we agree with the following analysis by the Fourth Circuit:
If a lack of a substantial basis also prevented application of the Leon objective good faith exception, the exception would be devoid of substance. In fact, Leon states that ... a finding of objective good faith [is inappropriate] when an officer’s affidavit is “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” This is a less demanding showing than the “substantial basis” threshold required to prove the existence of probable cause in the first place.
United States v. Bynum, 293 F.3d 192, 195 (4th Cir.2002) (citation omitted).
The affidavit in the case before us failed to provide a substantial basis for probable cause because it did not provide the required nexus between the residence and the illegal activity. However, the affidavit was not completely devoid of any nexus between the residence and the mari *596 juana that the police observed. Rather, it noted both that the marijuana was growing “near” the residence and that “there is a road connecting” the residence and the marijuana plants.
We previously found Leon applicable in cases where we determined that the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer’s good-faith belief in the warrant’s validity, even if the information provided was not enough to establish probable cause. See United States v. Van Shutters, 163 F.3d 331, 336 (6th Cir.1998) (upholding a search where the affidavit underlying the warrant described the residence, the items sought, and the defendant’s counterfeiting scheme, but connected the place to the illegal activity only by stating that the residence “was available” to the defendant); United States v. Schultz, 14 F.3d 1093, 1098 (6th Cir.1994) (upholding a search of safe deposit boxes at a bank where the affidavit underlying the warrant connected the boxes and the defendant’s trafficking in illegal drugs only by stating that the officer’s training and experience led him to believe that evidence would be located there).
A useful contrast is provided by United States v. Hove, 848 F.2d 137 (9th Cir.1988). In Hove, the police officer had obtained a warrant to search a particular residence after submitting to the issuing magistrate an affidavit that failed to provide any nexus between the residence and illegal activity. Id. at 139-40 (“[T]he final warrant application, while it set forth facts suggesting that Kimberly Hove had sent threatening letters, never linked Kimberly Hove or any suspected criminal activity in any way with the 2727 DeAnza residence.”). The Ninth Circuit held that no reasonable officer could have believed that the warrant was valid, given the failure of the affidavit to articulate any nexus between the illegal activity and the place to be searched.
In the present case, however, the affidavit was not totally lacking in facts connecting the residence to the marijuana patches. These facts, as we explained above, were too vague to provide a substantial basis for the determination of probable cause. But these facts (unlike Hove) were not so vague as to be conclusory or meaningless. See United States v. Williams, 3 F.3d 69, 74 (3d Cir.1993) (“This is not a case in which the affidavit contained mere conclu-sory assertions or a single piece of evidence which the law of the station house shop would recognize as clearly insufficient.”). We therefore conclude that reasonable officers could have believed that the affidavit as submitted, even without the additional relevant information known to the officers, was sufficient to support the issuance of the warrant.
At oral argument, the Carpenters contended that Lawson’s omission from his affidavit of the additional information known to the police (concerning the beaten paths and the two men walking from the marijuana patches to the residence) militated against the conclusion that they executed the warrant in good-faith reliance on its reasonableness. We disagree. Extrapolating from Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), this court has recognized that “material omissions [from an affidavit] are not immune- from inquiry under Franks.” United States v. Atkin, 107 F.3d 1213, 1216-17 (6th Cir.1997) (discussing Franks’s holding that a defendant is entitled to an evidentiary hearing on the veracity of the affidavit if (1) he or she can make a preliminary showing that portions of the affidavit are deliberately or recklessly false, and (2) after setting aside the false information, the remaining parts of the affidavit would not support a finding of probable cause). But to be constitutionally problematic, the material must have *597 been deliberately or recklessly omitted and must have undermined the showing of probable cause. See id. (“If the defendant does succeed in making a preliminary showing that the government affiant engaged in ‘deliberate falsehood’ or ‘reckless disregard for the truth’ in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists.”). The Carpenters have made no showing that Lawson omitted facts from his affidavit deliberately or recklessly. Moreover, the omitted facts would have bolstered the affidavit’s showing of probable cause, not undermined it.
The fact that a police officer had such additional knowledge certainly raises the inference that the officer should have recognized that a stronger showing of probable cause could have been made to the issuing magistrate. But such recognition says nothing about the reasonableness of the belief that the information that was presented was sufficient.
To the extent that the Carpenters are continuing to argue that the factual assertions that were in the affidavit were both false and recklessly included (a traditional Franks challenge), the district court found after a hearing that the affidavit was reasonably accurate and that no evidence supported the proposition that any inaccuracy was deliberately or recklessly included. These findings were not clearly erroneous.

b. Whether the fact that the officers had other information that was not presented to the issuing magistrate, but that would have established probable cause, is relevant to the good-faith analysis

Since we have concluded that the police officers’ reliance on the deficient warrant was reasonable based on the information that actually was submitted to the issuing judge, we leave for another day the question of whether the search could have been saved under the “good-faith exception” on the basis that the officers had other information that was not presented to the issuing magistrate, but that would have established probable cause. See, e.g., United States v. Marion, 238 F.3d 965, 969 (8th Cir.2001).
B. Other issues
Rule 35 of the Rules of the Sixth Circuit provides that “[t]he effect of the granting of a rehearing en banc shall be to vacate the previous opinion and judgment of this Court.” All of the issues raised by the Carpenters on appeal are thus before us. In our opinion, however, the reasoning of the prior panel was correct on all issues other than its analysis of the motions to suppress. We therefore reinstate and reaffirm the judgment in United States v. Carpenter, 317 F.3d 618 (6th Cir.2003), and adopt its opinion except for its discussion of the Leon good-faith exception. See Donahey v. Bogle, 129 F.3d 838, 844 (6th Cir.1997) (en banc) (reinstating the prior panel opinion on all issues not otherwise discussed by the en banc court), vacated on other grounds, 524 U.S. 924, 118 S.Ct. 2317, 141 L.Ed.2d 692 (1998).
III. CONCLUSION
For all of the reasons set forth above, we REINSTATE the judgment of the panel in this case, albeit with different reasoning, and REMAND the case to the district court for further proceedings.