STATE OF NEBRASKA, APPELLEE, V.
ANDREW TOMPKINS, APPELLANT.
723 N.W.2d 344

Filed November 9, 2006.    No. S-05-212.

548

Brian J. Lockwood, Deputy Scotts Bluff County Public Defender, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

We granted appellant's petition for further review. The Nebraska Court of Appeals determined that the police officer's supporting affidavit did not support the issuance of a search warrant. Nevertheless, on its own motion, without the issue being raised in the trial court, the Court of Appeals determined that the search was valid under the good faith exception set forth in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). This case presents the question whether an

appellate court can reach the *Leon* good faith exception without the State's having raised the issue. We hold for policy reasons that the State waives the good faith exception when it fails to raise it. Thus, an appellate court cannot reach the good faith exception on its own motion. We reverse, and remand.

## BACKGROUND

A search warrant was issued to search Andrew Tompkins' residence. During the execution of the warrant, police found drug paraphernalia, a firearm, and marijuana. Tompkins filed a supplemental motion to suppress, contending that the affidavit was insufficient to support the issuance of the warrant. The district court denied the motion and ultimately convicted Tompkins of distribution of a controlled substance on or near a school, possession of a firearm while in violation of Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 2004), and possession of drug paraphernalia. The district court sentenced Tompkins to 24 to 48 months' imprisonment on the distribution conviction and 6 to 12 months' imprisonment on the firearm conviction, to be served consecutively. The court imposed a $100 fine on the paraphernalia conviction.

Following his convictions and sentencing, Tompkins appealed, alleging that the district court erred in denying his supplemental motion to suppress and his motion for new trial. The Court of Appeals held that the affidavit did not support the issuance of the warrant. But it determined that the search was valid under the good faith exception as set forth in *United States v. Leon, supra.* In addressing the issue, the Court of Appeals noted that "[t]he parties did not argue whether the police acted in good faith . . . but we, sua sponte, address this issue . . . ." *State v. Tompkins,* 14 Neb. App. 526, 540, 710 N.W.2d 654, 666 (2006).

Tompkins petitioned for further review, arguing that the Court of Appeals erred in reaching the good faith exception on its own motion. We granted the petition.

## ASSIGNMENT OF ERROR

Tompkins assigns that the Court of Appeals erred in reaching the good faith issue on its own motion.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Keen, ante* p. 123, 718 N.W.2d 494 (2006).

## ANALYSIS

In his sole assignment of error, Tompkins argues that the Court of Appeals erred in addressing the good faith exception to the warrant requirement on its own motion. The State does not take issue with the Court of Appeals' conclusion that the affidavit in support of the search warrant did not support the issuance of the warrant. Thus, the only issue presented for further review is whether the Court of Appeals properly reached the good faith issue when the State failed to raise it on appeal.

■ The good faith exception provides that even in the absence of a valid affidavit to support a search warrant, evidence seized under the warrant need not be suppressed when police officers act in objectively reasonable good faith in reliance upon the warrant. *State v. Johnson,* 256 Neb. 133, 589 N.W.2d 108 (1999), *overruled on other grounds, State v. Davidson,* 260 Neb. 417, 618 N.W.2d 418 (2000). See, also, *United States v. Leon,* 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). In assessing an officer's good faith in conducting a search under a warrant, an appellate court must look to the totality of the circumstances surrounding the issuance of the warrant, including information not contained within the four corners of the affidavit. See *State v. Davidson, supra.* Evidence may be suppressed if (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his or her reckless disregard of the truth, (2) the issuing magistrate wholly abandoned his or her judicial role, (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or (4) the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid. *State v. Johnson, supra.*

■ We have found very little case law directly on point regarding how the good faith exception may be raised; however, one

case is instructive. In *State v. Ortiz*, 257 Neb. 784, 600 N.W.2d 805 (1999), after finding no probable cause for the issuance of a warrant, we explicitly stated that we would not address the *Leon* good faith exception as it was not raised by the State. However, we did not explain the reason for our decision. We now follow our ruling in *Ortiz* and provide an explanation for why an appellate court on its own motion cannot consider the good faith exception.

First, when the State fails to raise *Leon*, the defendant lacks sufficient opportunity to defend against application of the exception. We find some guidance on this point in *U.S. v. Hahn*, 922 F.2d 243 (5th Cir. 1991). There, the government urged the court to apply the good faith exception when it failed to raise the issue before the district court. In refusing to apply the exception, the appellate court reasoned, in part, that the defendant did not have a "fair opportunity to factually respond to assertions of 'good faith.'" *Id.* at 248. We note that in *Hahn*, the government raised the good faith issue on appeal. In contrast, Tompkins received no notice that he would have to confront the good faith exception. This deprived him of the opportunity to argue why the good faith exception did not apply. The Court of Appeals determined that none of the circumstances cited in *Leon* regarding when suppression would still be appropriate applied. However, Tompkins should have had the benefit of arguing that one of these "exceptions to the exception" did apply. If he had, he could have possibly persuaded the court otherwise. Because raising good faith on the court's own motion deprives a defendant of the opportunity to fully defend himself, we hold that it was error for the court to do so.

Moreover, while a defendant has the burden of showing that there was not probable cause to support the issuance of a search warrant, *State v. March*, 265 Neb. 447, 658 N.W.2d 20 (2003), the State has the burden to show that the good faith exception applies. See, *United States v. Leon*, 468 U.S. 897, 924, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) ("[w]hen officers have acted pursuant to a warrant, the *prosecution* should ordinarily be able to establish objective good faith without a substantial expenditure of judicial time") (emphasis supplied)); *United States v. Gant*, 759 F.2d 484, 487 (5th Cir. 1985) ("[o]nce the defendants

convinced the district court that probable cause was lacking, the government was required to prove that the evidence seized during the search was nevertheless admissible because of the officers' objectively reasonable reliance on the warrant"); *U.S. v. Conner*, 948 F. Supp. 821, 852 (N.D. Iowa 1996) ("[t]he government bears the burden of establishing that the good-faith exception to the federal exclusionary rule should apply in a particular case"). When an appellate court reaches the good faith issue on its own motion, a criminal defendant is forced to argue that not only was the warrant not supported by probable cause, but also that the officers did not act in good faith.

In support of the Court of Appeals' action in reaching the good faith issue, the State cites *U.S. v. Chambers*, 987 F.2d 1331 (8th Cir. 1993), and *U.S. v. Frangenberg*, 15 F.3d 100 (8th Cir. 1994). Relying on these cases, the State argues that an appellate court can reach the good faith exception on appeal. In both *Chambers* and *Frangenberg*, as well as in other decisions, the Court of Appeals for the Eighth Circuit first reviewed the question whether the officers acted in good faith and noted that it would reach the issue of probable cause only if necessary. Such an approach is approved under *Leon*, which allows courts to first decide whether officers' conduct manifested objective good faith or, alternatively, to decide whether the Fourth Amendment had been violated.

The State's reliance on *Chambers* and *Frangenberg* is not helpful. The proposition cited in those cases goes to the order in which an appellate court reaches the good faith issue; it does not answer the question whether an appellate court can reach good faith when the State fails to raise the issue. In fact, the government clearly raised the good faith issue on appeal before the *Chambers* court. *Chambers* and *Frangenberg* are irrelevant.

The State also argues that because the district court found that the issuance of the search warrant was supported by probable cause, there was neither "need nor opportunity" for the State to argue *Leon* at trial. Brief for appellee in support of petition for further review at 10. We do not decide whether this argument has merit regarding the State's failure to argue *Leon* at the trial level. We find, however, that at the appellate level, the State has ample opportunity to raise the *Leon* good faith exception.

In his brief on appeal, Tompkins challenged the sufficiency of the affidavit used to obtain the search warrant. Thus, Tompkins put the State on notice that the Court of Appeals might determine the warrant invalid. Despite Tompkins' red flag, the State argued only that the affidavit provided probable cause for issuing the warrant. The State did not alternatively argue that even if the warrant was invalid, the search would still be valid under the good faith exception.

■ Also, requiring the State to raise the good faith issue at the appellate level does not place an onerous burden on the State. As the U.S. Supreme Court stated in *Leon*, "[w]hen officers have acted pursuant to a warrant, the prosecution should ordinarily be able to establish objective good faith without a substantial expenditure of judicial time." *United States v. Leon*, 468 U.S. 897, 924, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). In fact, the inquiry into good faith normally involves an examination of the same facts as the probable cause inquiry. See *United States v. Gant*, 759 F.2d 484, 487-88 (5th Cir. 1985) ("the determination of good faith will ordinarily depend on an examination of the affidavit"). Therefore, the State would have to do little more than assert good faith to have it considered by the appellate court. But as discussed above, the State's failure to present the good faith theory deprives a defendant of the opportunity to respond.

Finally, in *Leon*, the government raised the good faith issue; the Court did not raise the issue on its own motion. In contrast, the Court declined to hear the issue in an earlier case where it had not been presented by the state. See *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). In *Gates*, the Illinois Supreme Court affirmed the decisions of lower state courts granting the defendants' motion to suppress evidence. The Illinois court held that the affidavit supporting the search warrant had been inadequate. The U.S. Supreme Court granted certiorari. The Court then requested that the parties brief an additional issue: whether the exclusionary rule should be modified to not require exclusion where there was a reasonable belief that the search was consistent with the Fourth Amendment. In its opinion, however, the Court decided "with apologies to all"

that the issue was not presented in the Illinois courts and, therefore, declined to address it. *Illinois v. Gates*, 462 U.S. at 217.

## CONCLUSION

Because the State waived the *Leon* good faith exception by failing to raise it, the Court of Appeals erred in raising the issue on its own motion. We reverse the decision of the Court of Appeals and remand the cause to that court with directions to reverse the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.

HEAVICAN, C.J., not participating.