Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:12 AM CST

State of Nebraska, appellee, v.
Matthew W. Nielsen, appellant.
___ N.W.2d ___

Filed September 14, 2018.    No. S-17-1033.

1. **Appeal and Error.** Where no timely statement of errors is filed in an
   appeal from a county court to a district court, appellate review is limited
   to plain error.
2. **Constitutional Law: Search and Seizure: Motions to Suppress:
   Appeal and Error.** In reviewing a trial court's ruling on a motion to
   suppress based on a claimed violation of the Fourth Amendment, an
   appellate court applies a two-part standard of review. Regarding histori-
   cal facts, an appellate court reviews the trial court's findings for clear
   error, but whether those facts trigger or violate the Fourth Amendment
   protection is a question of law that an appellate court reviews indepen-
   dently of the trial court's determination.
3. **Constitutional Law: Courts: Search and Seizure: Police Officers
   and Sheriffs: Evidence.** A court may decline to apply the exclusion-
   ary rule when evidence is obtained pursuant to an officer's objective
   and reasonable reliance on a law that is not clearly unconstitutional at
   the time.
4. **Appeal and Error.** An appellate court does not consider errors which
   are argued but not assigned.
5. **Search and Seizure: Proof.** The State has the burden of showing that
   the good faith exception applies.

Appeal from the District Court for Lancaster County, ANDREW
R. JACOBSEN, Judge, on appeal thereto from the County Court
for Lancaster County, TIMOTHY C. PHILLIPS, Judge. Judgment of
District Court affirmed.

John S. Berry, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

Matthew W. Nielsen was convicted for driving under the influence, after having submitted to a pre-*Birchfield* blood draw.[1] Based upon the exclusionary rule's good faith exception, the county court denied Nielsen's motion to suppress. On appeal, the district court affirmed. On appeal to this court, Nielsen contends that the exception does not apply and that the State failed to raise the issue in the county court. Because our holding in *State v. Hoerle*[2] controls and because the State sufficiently raised the issue, the county court correctly denied the motion and the district court properly affirmed. Therefore, we also affirm.

## BACKGROUND

### Arrest

On December 17, 2015, a police officer conducted a traffic stop and arrested Nielsen under suspicion of drunk driving. Ultimately, the arresting officer took Nielsen to a hospital. There, he read the "Post Arrest Chemical Test Advisement Form" to Nielsen. Nielsen signed the form and agreed to a blood draw.

### Motion to Suppress

Based upon the results of the blood test, the State charged Nielsen in the county court with driving under the influence. Nielsen moved to suppress evidence obtained from the traffic

---

[1] See *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

[2] *State v. Hoerle*, 297 Neb. 840, 901 N.W.2d 327 (2017).

stop and warrantless blood draw. There were other charges not pertinent to this appeal.

On his motion to suppress, Nielsen argued that the U.S. Supreme Court decision in *Birchfield v. North Dakota*[3] should retroactively control, because the Court determined that warrantless blood tests are an unconstitutional search under the Fourth Amendment. According to the county court's order disposing of the motion, the State responded that *Birchfield* should not apply retroactively based upon the decision in *Davis v. United States*.[4]

The county court determined that while the blood draw was not voluntarily given, retroactive application of *Birchfield* was inappropriate, because the officer "acted on a good faith-belief that his conduct in obtaining the blood [draw] was lawful." Accordingly, the court denied the motion.

### REMAINING PROCEDURAL HISTORY

The county court bifurcated Nielsen's trial. The driving under the influence charge was tried to a jury and the remaining charges to the bench. The jury found Nielsen guilty, and the court imposed a sentence.

Nielsen timely appealed to the district court. But he failed to submit a statement of errors, and that court reviewed only for plain error. It determined that the jury had sufficient evidence to convict and that the county court did not err in denying the motion to suppress. It affirmed the county court's judgment.

### ASSIGNMENTS OF ERROR

Nielsen assigns that (1) the district court erred in finding the good faith exception to the exclusionary rule applied and (2) the State failed to preserve the good faith exception for review.

---

[3] *Birchfield, supra* note 1.

[4] *Davis v. United States*, 564 U.S. 229, 131 S. Ct. 2419, 180 L. Ed. 2d 285 (2011).

## STANDARD OF REVIEW

[1] Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error.[5]

[2] In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate the Fourth Amendment protection is a question of law that an appellate court reviews independently of the trial court's determination.[6]

## ANALYSIS

### GOOD FAITH EXCEPTION APPLICATION
#### TO *BIRCHFIELD*

[3] Nielsen argues that the good faith exception should not be applied to pre-*Birchfield* cases, because consent was not voluntarily given. We settled this issue in *Hoerle*.[7] A court may decline to apply the exclusionary rule when evidence is obtained pursuant to an officer's objective and reasonable reliance on a law that is not clearly unconstitutional at the time.[8] We reasoned, "Because the officer here acted in objectively reasonable reliance on a statute that had not been found unconstitutional at the time, excluding the results of [the defendant's] blood test would not serve the purpose of the exclusionary rule."[9] We concluded that "the good faith exception applies to warrantless pre-*Birchfield* blood draws."[10]

---

[5] *State v. Griffin*, 270 Neb. 578, 705 N.W.2d 51 (2005).

[6] *State v. Petsch*, 300 Neb. 401, 914 N.W.2d 448 (2018).

[7] *Hoerle, supra* note 2.

[8] *Id.*

[9] *Id*. at 851, 901 N.W.2d at 334.

[10] *Id*.

The same conclusion applies here. Nielsen was arrested on December 17, 2015, and *Birchfield* was decided on June 23, 2016. The county court applied the good faith exception to Nielsen's pre-*Birchfield* blood draw. The district court found no plain error. Neither do we.

### Asserting Good Faith Exception

Nielsen argues that in the county court, the State failed to assert the good faith exception. Thus, he contends, this court should not consider whether the exception applies. The State responds that it did raise good faith in the county court. Moreover, the State argues, Nielsen cited no authority precluding the State from asserting the exception on appeal.

But, as we have already implicitly recognized, the State *did* raise the exception. The county court, in denying the motion, stated that "[i]n support of it[s] position [the State] cites Davis v. United States . . . ." The *Davis* Court held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule."[11] In doing so, the *Davis* Court expressly relied on the *United States v. Leon*[12] good faith exception rationale. Because the State cited to *Davis*, it sufficiently raised the issue.

[4] Nielsen argues that at the suppression hearing, the arresting officer's testimony on this point was on redirect examination that exceeded the scope of cross-examination. Thus, he argues, it cannot be used to show that the officer relied on the implied consent statute when he conducted the blood draw. But Nielsen did not object to the testimony. Nor did he raise the matter in the district court—he filed no statement of errors. And even in this court, his brief assigned no evidentiary error. An appellate court does not consider errors which are argued but not assigned.[13] For a multiplicity of reasons, we do

---

[11] *Davis, supra* note 4, 564 U.S. at 232.

[12] *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

[13] *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015).

not address Nielsen's argument regarding allegedly improper redirect examination.

[5] Although we do not reach the State's argument that raising good faith for the first time on appeal is sufficient, Nielsen's contrary premise seems unconvincing. Our decision in *State v. Tompkins*[14] declined to answer the precise question. We recognize that the State has the burden of showing that the good faith exception applies.[15] In *Tompkins*, we stressed that an appellate court *on its own motion* cannot consider the good faith exception. In brief and at oral argument, except perhaps for a fleeting reference, the State did not challenge the holding of *Tompkins*. But we also said that "at the appellate level, the State has ample opportunity to raise the *Leon* good faith exception."[16] This would suggest that in order for an appellate court to consider the good faith exception, the State can raise it either at the trial court or on appeal. Here, the State presented the county court with case law expressly relying on a good faith exception. The citation directly spoke to the issue of good faith. Even if Nielsen's premise was correct, no more was required. Once again, we find no plain error.

## CONCLUSION

We conclude that the district court did not err in performing its review for plain error. There was no plain error in applying the good faith exception to warrantless pre-*Birchfield* blood draws or in determining that the State raised the good faith exception. We affirm the decision of the district court.

AFFIRMED.

---

[14] *State v. Tompkins*, 272 Neb. 547, 723 N.W.2d 344 (2006).

[15] See *id*. See, also, *U.S. v. Diehl*, 276 F.3d 32 (1st Cir. 2002); *State v. Havatone*, 241 Ariz. 506, 389 P.3d 1251 (2017); *People v. Willis*, 28 Cal. 4th 22, 46 P.3d 898, 120 Cal. Rptr. 2d 105 (2002); *People v. Gutierrez*, 222 P.3d 925 (Colo. 2009).

[16] *Tompkins, supra* note 14, 272 Neb. at 552, 723 N.W.2d at 349.