Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/31/2018 09:10 AM CDT

STATE OF NEBRASKA, APPELLANT, V.
STEVEN J. HATFIELD, APPELLEE.
___ N.W.2d ___

Filed June 8, 2018.    No. S-16-893.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.

2. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.

3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4. **Search and Seizure.** Application of the good faith exception to the exclusionary rule is a question of law.

5. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.

6. **Criminal Law: Statutes: Appeal and Error.** Absent specific statutory authorization, the State generally has no right to appeal an adverse ruling in a criminal case.

7. **Constitutional Law: Search and Seizure: Evidence.** The exclusionary rule is a judicially created remedy that generally prohibits the use of evidence obtained in violation of a defendant's Fourth Amendment rights.

8. **Search and Seizure: Police Officers and Sheriffs: Intent.** The purpose of the exclusionary rule is to deter police misconduct.

9. **Courts: Search and Seizure.** Because the exclusionary rule should not be applied to objectively reasonable law enforcement activity, the U.S. Supreme Court created a good faith exception to the rule.

10. **Constitutional Law: Courts: Search and Seizure: Police Officers and Sheriffs: Evidence.** A court may decline to apply the exclusionary

rule when evidence is obtained pursuant to an officer's objectively reasonable reliance on a law that is not clearly unconstitutional at the time.

11. **Courts: Judgments: Appeal and Error.** Where an exception proceeding is brought from the district court sitting as an appellate court, Neb. Rev. Stat. § 29-2316 (Reissue 2016) does not limit the relief the higher appellate court can order, because the defendant was not placed legally in jeopardy in the district court.

Appeal from the District Court for Gage County, PAUL W. KORSLUND, Judge, Retired, on appeal thereto from the County Court for Gage County, STEVEN B. TIMM, Judge. Exception sustained, and cause remanded for further proceedings.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellant.

Steven J. Mercure, of Nestor & Mercure, and Lindy L. Mahoney, Senior Certified Law Student, for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ.

PER CURIAM.

## INTRODUCTION

On intermediate appeal from county court, the district court vacated Steven J. Hatfield's conviction for driving under the influence (DUI) and granted him a new trial after determining that his warrantless blood draw was unlawful and inadmissible in light of *Birchfield v. North Dakota*.[1] Because we determine that the good faith exception to the exclusionary rule applies, we sustain the State's exception. And because we are not prevented from affecting the district court's decision when it sits as an appellate court, we reverse the order and remand the cause for further proceedings consistent with this opinion.

---

[1] *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

## BACKGROUND

On an early morning in December 2014, two deputies with the Gage County Sheriff's Department stopped Hatfield's vehicle after radar detected that it had been speeding. When a deputy asked Hatfield for his license and registration, Hatfield was slow to respond and would not make eye contact. Both deputies detected an odor of alcohol coming from the vehicle, although they were unable to determine whether the odor came from Hatfield or one of his three passengers. Upon inquiry, Hatfield confirmed that he had been drinking alcohol. And during field sobriety tests, Hatfield showed signs of impairment during one of the tests. One of the deputies arrested Hatfield for DUI and transported him to a hospital for a blood draw.

Prior to the blood draw, the arresting deputy read Hatfield the "Post Arrest Chemical Test Advisement" form. The form advised Hatfield that he was under arrest for DUI, that he was required by law to submit to a chemical test of his blood for alcohol content, and that refusal to submit to the test was a separate criminal charge. Hatfield signed the form. According to the nurse who drew the blood sample from Hatfield, he was "cooperative throughout the blood draw process." The blood test revealed that Hatfield had an alcohol concentration above the legal limit.

The State charged Hatfield with DUI, and a jury convicted him of the offense. After the county court held an enhancement hearing and determined that this conviction was Hatfield's second DUI offense, the court imposed a sentence.

Hatfield appealed his conviction to the district court. He alleged that the county court erred by receiving certain evidence and by failing to dismiss due to insufficient evidence. After those issues had been briefed, the U.S. Supreme Court released its opinion in *Birchfield*[2] and Hatfield requested that

---

[2] *Id.*

the district court consider that decision. Based on *Birchfield*, the court found that Hatfield's warrantless blood draw was unlawful and inadmissible. The court therefore reversed Hatfield's conviction and remanded the matter for a new trial. The court did not consider the errors assigned by Hatfield. Nor did it consider whether Hatfield's consent to the blood test was voluntary or whether the good faith exception to the exclusionary rule applied.

The State appealed, and we moved the case to our docket.[3]

## ASSIGNMENT OF ERROR

The State assigns that the district court erred by vacating Hatfield's DUI conviction without considering whether his blood draw was voluntary or whether the good faith exception to the exclusionary rule applied.

## STANDARD OF REVIEW

[1-3] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.[4] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.[5] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[6]

[4,5] Application of the good faith exception to the exclusionary rule is a question of law.[7] On a question of law,

---

[3] See Neb. Rev. Stat. § 24-1106 (Reissue 2016).

[4] *State v. Thalken*, 299 Neb. 857, ___ N.W.2d ___ (2018).

[5] *Id.*

[6] *Id.*

[7] *State v. Hoerle*, 297 Neb. 840, 901 N.W.2d 327 (2017), *cert. denied* 2018 WL 2186231, 86 U.S.L.W. 3571 (U.S. May 14, 2018).

an appellate court reaches a conclusion independent of the court below.[8]

## ANALYSIS

[6] Before addressing the merits, we observe that the State brought this appeal. Absent specific statutory authorization, the State generally has no right to appeal an adverse ruling in a criminal case.[9] But a statutory exception to the general rule authorizes a prosecuting attorney to request appellate review of an adverse ruling by a district court.[10] We have interpreted § 29-2315.01 to allow exception proceedings taken from the district court sitting as an intermediate court of appeal.[11] We now turn to the arguments advanced in the State's appeal.

### Good Faith Exception

The State assigns that the district court erred in vacating Hatfield's conviction without considering two matters. It contends that the court should have determined whether the blood draw was voluntary or whether the good faith exception to the exclusionary rule applied. Because we can dispose of the merits of the appeal on the basis of the good faith exception, we need not make a determination as to the voluntariness of the blood draw.

[7-9] The exclusionary rule is a judicially created remedy that generally prohibits the use of evidence obtained in violation of a defendant's Fourth Amendment rights.[12] Its purpose is to deter police misconduct.[13] Because the exclusionary rule should not be applied to objectively reasonable law enforcement activity, the U.S. Supreme Court created a good faith

---

[8] *Id.*

[9] *State v. Thalken, supra* note 4.

[10] See Neb. Rev. Stat. § 29-2315.01 (Reissue 2016).

[11] See *State v. Thalken, supra* note 4.

[12] See *State v. Tyler*, 291 Neb. 920, 870 N.W.2d 119 (2015).

[13] See *State v. Hill*, 288 Neb. 767, 851 N.W.2d 670 (2014).

exception to the rule.[14] The *Birchfield* decision did not directly address whether the good faith exception should apply where consent to a blood test is given following an incorrect advisement that refusing such a test is a crime.

[10] In *State v. Hoerle*,[15] we concluded that the good faith exception to the exclusionary rule applied to a warrantless blood draw carried out prior to the *Birchfield* decision. We explained that a court may decline to apply the exclusionary rule when evidence is obtained pursuant to an officer's objectively reasonable reliance on a law that is not clearly unconstitutional at the time. And we discerned no deterrent value in suppressing the results of the blood test.

We adhere to our reasoning in *Hoerle*. Here, as in *Hoerle*, the blood draw was obtained in accordance with our implied consent statute, which was not clearly unconstitutional at the time of Hatfield's December 2014 arrest. Consistent with *Hoerle*, we conclude that the good faith exception applies to warrantless pre-*Birchfield* blood draws in cases brought both on direct appeal and in error proceedings under § 29-2315.01. Because the good faith exception applies, the district court erred in reversing Hatfield's conviction.

### Effect of Ruling

As we noted at the outset of the analysis, the State brought this appeal pursuant to § 29-2315.01. Because it was brought as an exception proceeding, Neb. Rev. Stat. § 29-2316 (Reissue 2016) applies. Section 29-2316 states in part that "[t]he judgment of the court in any action taken pursuant to section 29-2315.01 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy . . . ."

[11] In a criminal case, § 29-2316 does not prohibit a higher appellate court from reversing a district court's decision

---

[14] *State v. Hoerle, supra* note 7.

[15] See *id.*

where the district court was acting as an intermediate appellate court. We recently declared that "where the matter is brought to us by an exception proceeding from the district court sitting as an appellate court, § 29-2316 does not limit the relief we can order, because the defendant was not placed legally in jeopardy in that court."[16] We explained that "in a criminal case where the district court is sitting as an appellate court in an appeal brought by the defendant, the defendant . . . effectively arrived at the district court on appeal already cloaked in jeopardy, having been placed legally in jeopardy by the county court."[17] Because § 29-2316 does not limit the relief we can order, we reverse the ruling of the district court.

## CONCLUSION

We conclude that the good faith exception to the exclusionary rule applied to the pre-*Birchfield* warrantless blood draw in this case. Because the result of the blood test was admissible, the district court, sitting as an appellate court, erred in reversing Hatfield's conviction and vacating his sentence. We therefore sustain the State's exception. And because § 29-2316 does not constrain us from granting relief, we reverse the district court's order and remand the cause to the district court for further proceedings not inconsistent with this opinion. Upon remand, the district court may consider the errors originally assigned by Hatfield.

EXCEPTION SUSTAINED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

WRIGHT and KELCH, JJ., not participating in the decision.

---

[16] *State v. Thalken, supra* note 4, 299 Neb. at 880, ___ N.W.2d at ___.

[17] *Id.* at 884, ___ N.W.2d at ___.