IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. ELLWANGER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JONATHAN W. ELLWANGER, APPELLANT.


Filed November 6, 2018.    No. A-17-1318.


Appeal from the District Court for Scotts Bluff County, LEO P. DOBROVOLNY, Judge, on appeal thereto from the County Court for Scotts Bluff County, Kris D. Mickey, Judge. Judgment of District Court affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.


MOORE, Chief Judge, and RIEDMANN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Jonathan W. Ellwanger seeks further review of the Scotts Bluff County District Court's order affirming his county court conviction for second offense driving under the influence. Specifically, he assigns that the county court should have granted his motion to suppress and should have instructed the jury to consider the voluntariness of his statements to law enforcement. We affirm.

## STATEMENT OF FACTS

In June 2016, Nebraska State Patrol Trooper Brandon Buhlke observed a truck approach a four-way stop at the intersection located on the intersection of Highway 92, West 20th Street, and South Beltline near Scottsbluff. After coming to a complete stop, the truck proceeded through the

intersection by "accelerat[ing] at an excessive speed, causing the tires to break loose and squeal all the way across the intersection." Buhlke proceeded to follow the truck and, as he was catching up to the truck, he observed it drive on the shoulder of the highway. Buhlke activated his overhead lights and stopped the truck. As the truck pulled over, the truck bed "brushed up against" a delineator post, which is a "sign post with a little white reflector on it." Buhlke contacted the sole occupant of the truck, Ellwanger, and detected the odor of an alcoholic beverage coming from the truck. Buhlke asked Ellwanger how much he had to drink. Ellwanger's response, "plenty," was delayed and his speech was slurred. Bulhke also observed that Ellwanger had bloodshot, watery eyes. When Buhlke asked Ellwanger a second time how much he had to drink, Ellwanger asked Buhlke "if he could hook a ride with [him]."

Buhlke then had Ellwanger get out of his car in order to administer the standardized field sobriety tests (SFST). Buhlke needed to move his patrol vehicle in order to make room to administer the SFST, so Buhlke asked Ellwanger to come back to his patrol vehicle. During the time they were sitting in the patrol car, Buhlke asked Ellwanger how drunk he was on a one-to-ten scale, and Ellwanger responded "a nine." Buhlke asked if Ellwanger felt comfortable driving home, Ellwanger said "no." Buhlke testified that after they got out of the car, Ellwanger was having difficulty following instructions and fumbled with his hat and sunglasses. Buhlke conducted the first two tests of the SFST, which are the horizontal gaze nystagmus (HGN) test and the nine-step walk-and-turn test. To conduct the nine-step walk-and-turn, he instructed Ellwanger to stand with his feet touching heel-to-toe with his arms straight down to his sides. Buhlke then demonstrated the test. In response, Ellwanger "was unable to get in the starting position and maintain the starting position." Before starting the nine-step walk-and-turn, Ellwanger stated that he did not want to continue and said "can we just go?" When Buhlke asked him "where do you want to go?" he replied "jail." Buhlke discontinued the SFST and administered a preliminary breath test (PBT) to Ellwanger. After receiving Ellwanger's result on the PBT, which was .206, Buhlke arrested Ellwanger for driving under the influence (DUI).

Ellwanger was charged with second offense DUI, a Class W misdemeanor. See Neb. Rev. Stat. § 60-6,196 (Reissue 2010). Ellwanger filed a motion to suppress alleging, among other things, that the traffic stop of his truck was conducted without probable cause and all evidence obtained as a result should be suppressed as having been obtained in violation of the Fourth Amendment. The hearing on this motion was held in October 2016. At the suppression hearing, Buhlke testified to the facts as previously set forth. The State offered a portion of a video of the traffic stop which was received into evidence as exhibit 3. The court overruled Ellwanger's motion to suppress in a written order which provided:

> Consistent with the [Nebraska Supreme] Court's findings in State v. Royer, 276 Neb. 17[3] (2008), the court finds law enforcement was authorized to stop the defendant upon observing him accelerate excessively from a stop sign and squeal his tires and drive in an erratic manner. In addition, Royer holds that field sobriety tests may be justified by an officer's reasonable suspicion based upon specific articulable facts that a driver is under the influence of alcohol or drugs, which must be determined on a case-by-case basis. Here, the Nebraska State Trooper had a reasonable articulable suspicion based on his observation of bloodshot, watery eyes, his detection of a strong odor of alcohol emitting from defendant's person, and defendant's admission to being intoxicated.

The case proceeded to a 1-day jury trial in January 2017. Ellwanger received a continuing objection preserving the issues raised in his motion to suppress. Buhlke testified to the facts as previously set forth, with a notable exception: the results of Ellwanger's PBT were not offered by the State at trial. See *State v. Rask*, 294 Neb. 612, 617-18, 883 N.W.2d 688, 694 (2016) ("[a]s a general rule, PBT evidence is inadmissible as proof that a defendant was impaired or intoxicated"). An abridged version of exhibit 3, the video of the traffic stop, was received into evidence as exhibit 4.

After the State rested its case-in-chief, Ellwanger moved for a directed verdict which was denied. The defense then rested without putting on any evidence. During the jury instruction conference, defense counsel requested an additional instruction, stating, "the NJI, voluntariness of statements, they have to consider the voluntariness instruction. I'd ask for it. I thought it would be in here, so I didn't bring a proposed one." The State objected to the proposed jury instruction on that basis that voluntariness was not at issue in the case and would confuse the jury. The court ruled that "[i]n the absence of a written instruction for this court's consideration, the request is denied."

After deliberating for less than an hour, the jury found Ellwanger guilty of DUI. At an enhancement hearing, the court found that Ellwanger had one valid prior offense. The county court then sentenced Ellwanger to 12 months' probation, a $500 fine, and ordered his license revoked for 18 months. As part of the sentence, Ellwanger was ordered to serve 10 days in jail and was given credit for 1 day previously served. He appealed to the district court arguing that the county court erred in denying his motion to suppress and in failing to grant the voluntariness instruction. The district court affirmed the county court in all respects. The district court's journal entry set forth, in part, that:

> In this case, the County Judge found that the trooper was authorized to stop the defendant. There was evidence the defendant accelerated excessively from a stop sign, and allowed his vehicle to wander onto the shoulder area of the roadway. This could be any number of traffic violations, any of which would authorize the trooper to stop the vehicle to determine why it was being operated in such a manner.

The court further found the county court did not err in refusing Ellwanger's request for "the voluntariness instruction." Ellwanger has timely appealed to this court and is represented by the same counsel that represented him in the trial court.

## ASSIGNMENTS OF ERROR

Ellwanger contends that the district court erred in affirming the county court's denial of his motion to suppress. He also contends that the district court erred in affirming the county court's denial of his request to give the jury an instruction to consider the voluntariness of his statements to law enforcement.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Hatfield*, 300 Neb. 152, 912 N.W.2d 731 (2018). Both the district court

and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. *State v. Botts*, 299 Neb. 806, 910 N.W.2d 779 (2018). Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protection is a question of law that an appellate court reviews independently of the trial court's determination. *State v. Botts, supra*.

Whether a jury instruction given by a trial court is correct is a question of law, which an appellate court has an obligation to resolve independently of the conclusion reached by the trial court. *State v. McCurry*, 296 Neb. 40, 891 N.W.2d 663 (2017).

## ANALYSIS

### MOTION TO SUPPRESS

Ellwanger assigns that the district court erred in affirming the county court's denial of his motion to suppress because the traffic stop was not supported by probable cause.

"An officer's stop of a vehicle is objectively reasonable when the officer has probable cause to believe that a traffic violation, no matter how minor, has occurred." *State v. Thalken*, 299 Neb. 857, 864, 911 N.W.2d 562, 569 (2018).

Ellwanger contends that the county court improperly relied upon *State v. Royer*, 276 Neb. 173, 753 N.W.2d 333 (2008), for the proposition that the rapid acceleration from a stop sign and squealing of tires constituted probable cause to stop a vehicle. Ellwanger contends that, although the Nebraska Supreme Court concluded that the officer had probable cause to conduct the stop in *Royer*, the county court should not have relied upon this holding because Royer had not raised the issue--that the officer lacked probable cause to stop his vehicle--on appeal. We disagree.

The county court found that Buhle was authorized to stop Ellwanger after observing him accelerate excessively from a stop sign, squeal his tires, and drive erratically. In addition to the rapid acceleration and squealing tires that the Supreme Court found sufficient to support probable cause for a stop in *Royer*, the district court noted that Ellwanger also "allowed his vehicle to wander onto the shoulder area of the roadway" and committed "any number of traffic infractions." Although the video of the traffic stop, admitted into trial as exhibit 3, is not entirely clear, Buhle testified at both the suppression hearing and trial that he observed Ellwanger drive his truck on the shoulder of the highway. Driving on the shoulder is also a law violation, even if the line is barely crossed. Neb. Rev. Stat. § 60-6,142 (Reissue 2010). "[A]ny crossing of the fog line, even momentarily and inadvertently crossing onto the shoulder, is enough to violate" § 60-6,142. *State v. Magallanes*, 284 Neb. 871, 876, 824 N.W.2d 696, 700 (2012). Buhle's testimony is sufficient to support a determination that the officer had probable cause for stopping Ellwanger for a violation of driving on the shoulder. See *State v. Jasa*, 297 Neb. 822, 901 N.W.2d 315 (2017) (officer's testimony that he observed both driver's side tires of defendant's vehicle cross lane line supported finding of traffic violation providing probable cause for traffic stop, even though video recording of incident was not entirely clear).

In sum, Buhle's stop of Ellwanger's truck was objectively reasonable and was supported by probable cause. Ellwanger's assigned error challenging the court's overruling of his motion to suppress is without merit.

Ellwanger contends that the district court erred in affirming the county court's denial of his request to give a jury instruction on the voluntariness of his statements to law enforcement. Although Ellwanger did not provide the county court with a proposed jury instruction, he requested that "the NJI, voluntariness of statements" instruction be included in the instructions to the jury. The jury instruction to which Ellwanger refers is likely NJI2nd Crim. 6.0 "Voluntary Statement[s]." NJI Crim. 6.0 provides:

> There has been evidence that defendant, (here insert name), made a statement to (a law enforcement officer, here identify person to whom statement was made). You may rely on any such statement only if you decide beyond a reasonable doubt [with regard to each statement]:
> (1) that the defendant made the statement; and
> (2) that the defendant understood what (he, she) was saying; and
> (3) that the statement was freely and voluntarily made under all the circumstances surrounding its making.
> If you decide that the state did not prove these three things beyond a reasonable doubt then you must disregard (the, that particular) statement even if you think it is true.

To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *State v. McCurry,* 296 Neb. 40, 891 N.W.2d 663 (2017). It is the duty of a trial judge to instruct the jury on the pertinent law of the case, whether requested to do so or not. *State v. Rask*, 294 Neb. 612, 883 N.W.2d 688 (2016). However, a trial court is not obligated to instruct the jury on matters which are not supported by evidence in the record. *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

Ellwanger contends that "this case largely turned on the statements taken by law enforcement" from him. Brief for appellant at 10. He identifies "some" of those statements as the following: "Can I have a ride home with you?"; having had "plenty" to drink; responding that he was a "9" on a scale of 1 to 10 of drunkenness; and answering "no" when asked if he felt comfortable driving. *Id*.

Although Ellwanger made numerous statements to law enforcement during the investigation, the fact that he made out-of-court admissions to Buhlke does not automatically raise the issue of voluntariness. Our review of the record indicates that Ellwanger did not present any evidence at trial suggesting his statements to Buhlke were not made freely and voluntarily. Having failed to raise the issue of the voluntariness of his statements at trial, the county court was not obligated to instruct the jury on the issue. Since the jury instruction on voluntariness was not warranted by the evidence, the district court properly affirmed the county court's refusal to give the NJI2d Crim. 6.0 jury instruction for "Voluntary Statement[s]."

## CONCLUSION

Having considered and rejected Ellwanger's assigned errors, his conviction and sentence are affirmed.

AFFIRMED.