IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. MEINTS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

DANIEL A. MEINTS, SR., APPELLANT.


Filed December 18, 2018.    No. A-18-401.


Appeal from the District Court for Gage County, JULIE D. SMITH, Judge, on appeal thereto from the County Court for Gage County, STEVEN B. TIMM, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Abigail M. Stark, Beatrice City Attorney, for appellee.


MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Daniel A. Meints, Sr., appeals his convictions of four counts of violating § 16-623(A) of the Beatrice City Code. He contends that the district court erred in affirming the county court's order denying his plea in abatement and in affirming his convictions and sentences because (1) the State engaged in selective prosecution in violation of Meints' right to equal protection, (2) the State had "unclean hands," (3) he was entitled to the "safe harbor" protections of Beatrice City Code § 16-625, and (4) he was entitled to "grandfathered" rights to use the property to store his vehicles. Finding no merit to the arguments raised by Meints on appeal, we affirm his convictions and sentences.

- 1 -

## STATEMENT OF FACTS

The State charged Meints with four counts of violating § 16-623(A) of the Beatrice City Code. That provision of the code generally prohibits parking, storing, or leaving junked motor vehicles within city limits in an area not fully enclosed for over 21 days. The charges stemmed from Meints allegedly leaving four such vehicles on his property located at 718-720 S. 9th Street in Beatrice, Nebraska, for a period in excess of 21 days.

Meints filed a plea in abatement pursuant to Neb. Rev. Stat. § 29-1809 (Reissue 2016) claiming there was a defect in the case which was shown by facts extrinsic thereto, that is, that there was not sufficient evidence upon which a complaint could be made or upon which he could be rightfully convicted. Following a hearing, the county court overruled Meints' plea in abatement. Trial in this matter took place in July 2017 and the county court found Meints guilty on all four counts. Thereafter, Meints was sentenced and ordered to pay a $100 fine for each of the four counts, plus court costs, for a total of $450.

Meints appealed to the district court. The district court, sitting as an intermediate court of appeal, affirmed the county court in all respects. Meints then timely appealed to this court.

## ASSIGNMENTS OF ERROR

Meints generally assigns that the district court erred in affirming the county court's order denying his plea in abatement and in affirming the county court's judgment due to the following errors (applying to both his plea in abatement and trial) rephrased and renumbered: (1) the State engaged in selective prosecution in violation of Meints' right to equal protection, (2) the State had "unclean hands," (3) Meints was entitled to the "safe harbor" protections of Beatrice City Code § 16-625, and (4) Meints was entitled to "grandfathered" rights to use the property to store his vehicles.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Hatfield*, 300 Neb. 152, 912 N.W.2d 731 (2018). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

## ANALYSIS

### SELECTIVE PROSECUTION

Meints' first assignment of error is that the district court erred in affirming the county court's denial of his plea in abatement and erred in affirming the county court's judgment because Meints was the subject of selective prosecution in violation of his constitutional right to equal protection. In support of his argument, Meints cites to pictures admitted into evidence showing that another individual, who this court will not identify by name, owns property located on South 6th Street and Bell Street in Beatrice and had not been prosecuted for the same conduct for which Meints was being prosecuted.

The general rule regarding prosecutorial discretion in law enforcement is that, unless there is proof that a particular prosecution was motivated by an unjustifiable standard based, for example, on race or religion, the use of such discretion does not violate constitutional protections. This means that in order to establish arbitrary discrimination inimical to constitutional equality, there must be more than an intentional and repeated failure to enforce legislation against others as it is sought to be enforced against the person claiming discrimination. Also, there must be more than a showing that a law or ordinance has not been enforced against others and that it is sought to be enforced against the person claiming discrimination. To support a defense of selective or discriminatory prosecution, the defendant must show not only that others similarly situated have not been prosecuted but that the selection of the defendant for prosecution has been invidious or in bad faith, based upon considerations such as race, religion, or the desire to prevent his exercise of his constitutional rights.

*State v. Katzman*, 228 Neb. 851, 855, 424 N.W.2d 852, 856 (1988) (citations omitted).

After reviewing the record, the district court found that there was no evidence of an impermissibly discriminating reason to prosecute Meints for his conduct. A discriminating purpose will not be presumed; there must be a showing of clear and intentional discrimination. See *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497 (1944) ("unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination"). After our review of the record, we agree. Even assuming that the other individual identified by Meints is an individual who has similarly violated Beatrice City Code § 16-623 and has not been prosecuted, that factor alone will not establish the defense of unconstitutional selective prosecution. Meints presented no evidence of discriminatory purpose associated with his prosecution. Having provided no such evidence, the county court's ruling is supported by competent evidence and is neither arbitrary, capricious, nor unreasonable and the district court did not err in so finding.

UNCLEAN HANDS

Meints next argues the district court erred in affirming the county court's denial of his plea in abatement and erred in affirming the county court's judgment because the city exercised "unclean hands" by creating the circumstances for which Meints is now being prosecuted. In support of this assignment, Meints argues that the city previously "demolished" the real estate improvement located on 718 to 720 S. 9th Street which resulted in Meints being unable to store his vehicles in the structure. Meints is apparently referring to subject matter contained in *Meints v. City of Beatrice*, 20 Neb. App. 129, 820 N.W.2d 90 (2012), wherein a residential structure located on Meints' real estate was ordered to be demolished due to the unsafe and dangerous condition of the structure.

The doctrine of unclean hands is "a principle that a party cannot seek equitable relief or assert an equitable defense if that party has violated an equitable principle, such as good faith." Black's Law Dictionary 306 (10th ed. 2014). As the Nebraska Supreme Court explained in *Farmington Woods Homeowners Assn. v. Wolf*, 284 Neb. 280, 289, 817 N.W.2d 758, 767 (2012):

Under the doctrine of unclean hands, a person who comes into a court of equity to obtain relief cannot do so if he or she has acted inequitably, unfairly, or dishonestly as to the controversy in issue. Generally, conduct which forms a basis for a finding of unclean hands must be willful in nature and be considered fraudulent, illegal, or unconscionable.

Accordingly, "unclean hands" is a civil defense which bars a plaintiff from pursuing an equitable remedy against the defendant. The doctrine has no application as a defense to a criminal charge. Neither the county court nor district court erred in finding the doctrine of unclean hands had no application to the charge against Meints.

BEATRICE CITY CODE § 16-625

The city charged Meints with violating § 16-623(A) of the Beatrice City Code. That ordinance provides:

It shall be unlawful for any person to park, store, leave or permit the parking, storing or leaving of any junked motor vehicle, or parts of a motor vehicle, on private property within the City of Beatrice for period of time in excess of twenty-one (21) days. It shall be unlawful for any person in charge or control of any private property within the city, whether as owner, tenant, occupant, lessee or otherwise, to allow any vehicle which has been unregistered for more than twenty-one (21) days to remain upon any private property. Any motor vehicle allowed to remain on private property in violation of this subsection shall constitute a nuisance and shall be abated.

A junked motor vehicle is described as a motor vehicle on which the engine, wheels or other pars have been removed, altered, damaged or otherwise treated or allowed to deteriorate that the motor vehicle is incapable of being drawn under its own power. A motor vehicle which does not have an unexpired license plate affixed thereto shall be presumed to be a junked motor vehicle; provided that such presumption may be rebutted.

Meints argues that the City's prosecution of him for violation of § 16-623 ignores application of § 16-625 of the same code. That section provides that "[n]othing in this article shall be construed to apply to any motor vehicle in connection with a lawful business enterprise, operating in an appropriate commercial or industrial zoning district."

In Meints' affidavit, received into evidence as exhibit 1, and in his trial testimony, Meints stated that he has "conducted business in Beatrice, including a rental real estate business, and a business of salvage, recycling and restoration of articles of personal property, including, but not limited to vehicles." Accordingly, Meints defends his use of the property, claiming he is not violating § 16-623 by storing junk, because he is using the property for business purposes.

At trial, City of Beatrice Code Compliance Officer Chester McGrury testified that the Meints property, which is the subject of this violation, is currently zoned residential. Meints does not dispute that testimony arguing only that the property was zoned industrial at one time. The clear language of § 16-625 provides that article 16, which includes § 16-623, does not apply to motor vehicles in connection with a lawful business enterprise operating in an appropriate commercial or industrial zoning district. Because Meints' property is located in a residential district, § 16-625 does not apply and, without more, cannot serve as a defense to Meints' storing

of junked vehicles on the property. Neither the county court nor the district court erred in finding Meints' alleged business use did not negate application of § 16-623.

GRANDFATHERED RIGHTS

Meints argues that, even if § 16-625 only applies to lawful business enterprises operating in an appropriate commercial or industrial zoning district and, even if his property is currently zoned residential, § 16-625 is made applicable due to Article 12 of the Beatrice City Code governing nonconforming development. Specifically, Meints argues that, even if his property is zoned residential now, it was once zoned industrial during his time of ownership and § 12-1205 renders § 16-625 applicable to his property now.

The applicable portions of Article 12 Nonconforming Development provide as follows:

**1205 Nonconforming Uses**

**A. Continuation of Nonconforming Uses**

Any nonconforming use lawfully existing on the effective date of this Ordinance may continue, subject to the limitations of this Section.

. . . .

**C. Abandonment of Nonconforming Use**

**1.** If any structure or property used as a lawful nonconforming use becomes vacant or unused for a continuous period of one year, any subsequent use must conform to all use regulations applicable to the property's zoning district.

**2.** Any property on which a nonconforming use is replaced by a conforming use shall thereafter conform to all regulations for the zoning district. Following such replacement, no nonconforming use shall thereafter be resumed or established.

Accordingly, in order for Meints' argument to have application, he would need to show that, at the time his property was changed to a residential district for zoning purposes, he was conducting a lawful, conforming use of the property at that time, and that he has not abandoned that nonconforming use for a period of one year following the change in zoning district. In support of this argument, Meints offered into evidence a 1994 Gage County District Court judgment and decree which referred to the subject property then zoned "I-2, Heavy Industrial District" and provided that Meints "collected and placed upon said lots outside of any structure thereon substantial numbers and amounts of old automobiles and parts thereof, mowers, vacuum cleaners, bicycle parts, motorcycles and parts thereof, lumber, building materials, electrical fixtures, wheels, tires, glass containers, discarded furniture, batteries, litter, rubbish, trash and discarded materials of divers kinds." The 1994 court order provided that the collection of such articles was an accumulation of items essentially not for sale but ostensibly for Meints' personal use, provided that use to be a nuisance in violation of the Beatrice ordinances, and ordered the property to be removed save only for building materials which the court deemed to be a lawful use.

Although the 1994 decree provides some support for the property once being designated as a "Heavy Industrial District," it likewise establishes that the automobiles and parts on the property were deemed a nonconforming use rather than a conforming use as Meints argues. Instead, the sole evidence in the record in support of Meints' argument is that he has always used the property to store these vehicles and parts as a part of a business enterprise without abandonment

which he contends makes his previous lawful conforming use a grandfathered nonconforming use until he abandons the use. Notwithstanding his argument, the evidence offered by Meints establishes that, even when the property was zoned heavy industrial, his use of automobiles and parts on the property were deemed nonconforming and he was ordered to remove them. Meints did not offer any testimony as to when the zoning of his property was changed from heavy industrial to residential, whether he ever operated the property in a manner differently than the manner he operated the property in 1994 when the court held his use was nonconforming and deemed it a nuisance, or provide any evidence of any detail suggesting the existence of a continuing lawful business use of the property since the change in zoning whenever that zoning change occurred. Meints' "grandfather" defense is in the nature of an affirmative defense used to negate his otherwise nonconforming use of the property zoned residential now. The burden is upon the landowner asserting a right of nonconforming use to prove that his use existed prior to the effective date of the ordinance. *Hanchera v. Board of Adjustment*, 269 Neb. 623, 694 N.W.2d 641 (2005). Having reviewed the entirety of this record, we conclude that the county court decision conforms to both the law and is supported by competent evidence and the district court did not err is so finding.

## CONCLUSION

Having considered and rejected Meints' assigned errors, his convictions and sentences are affirmed.

AFFIRMED.