Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/06/2019 09:07 AM CST

STATE OF NEBRASKA, APPELLEE, V.
STEVEN J. HATFIELD, APPELLANT.

___ N.W.2d ___

Filed September 13, 2019.    No. S-18-1107.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.
2. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Pretrial Procedure: Appeal and Error.** Trial courts have broad discretion with respect to sanctions involving discovery procedures, and their rulings thereon will not be reversed in the absence of an abuse of discretion.
5. **Criminal Law: Pretrial Procedure.** Discovery in a criminal case is generally controlled by either a statute or court rule.

Appeal from the District Court for Gage County: JULIE D. SMITH, Judge. Affirmed.

Steven J. Mercure, of Nestor & Mercure, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ.

Heavican, C.J.

## INTRODUCTION

Steven J. Hatfield was convicted of misdemeanor driving under the influence (DUI). His conviction and sentence were affirmed by the district court, sitting as an intermediate court of appeals. He appeals. We affirm.

## BACKGROUND

Hatfield was convicted in the county court for Gage County of DUI and appealed that conviction to the district court for Gage County. The district court reversed the county court's judgment based not on the arguments made by Hatfield, but instead upon the U.S. Supreme Court's decision in *Birchfield v. North Dakota*.[1] This court reviewed that decision and concluded that the good faith exception to the exclusionary rule applied to a pre-*Birchfield* warrantless blood draw and that the results of Hatfield's blood test were therefore admissible.[2] As such, we found that the district court, sitting as an appellate court, erred in reversing Hatfield's conviction and vacating his sentence. We remanded the cause for the district court to consider Hatfield's original errors.

Upon remand, the district court considered Hatfield's assignment of error alleging that the county court erred in failing to exclude evidence that was offered by the State in violation of both the court's June 29, 2015, order of discovery and Neb. Rev. Stat. § 29-1912 (Reissue 2016).

The facts relating to this discovery dispute are as follows: The county court entered an order of discovery on June 29, 2015. That order was in response to an oral motion made at a pretrial hearing. The State had already filed a notice on February 3, 2015, indicating that it had complied with discovery consisting of 51 pages of documents and that other evidence was available for review with law enforcement or at the Gage County Attorney's office.

---

[1] *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

[2] *State v. Hatfield*, 300 Neb. 152, 912 N.W.2d 731 (2018).

On November 4, 2015, Hatfield filed a motion entitled "Sixth Motion in Limine." In that motion, Hatfield asserted that the State had failed to provide him with a witness list or with copies of "the Beatrice Community Hospital's Clinical Laboratory Improvement Amendments" (CLIA) certificate. Hatfield also asserted that the State failed to provide him with a copy of title 177 of the Nebraska Administrative Code dealing with the testing of the alcohol content in blood and breath. Hatfield sought an order prohibiting the State from offering testimony of any witnesses and from offering as evidence the CLIA certificate or title 177.

Jury selection was held on November 5, 2015. After the jury was empaneled, the county court took up Hatfield's sixth motion in limine. At the hearing, Hatfield argued that he had not received a list of witnesses the State intended to call, which he claimed was required under § 29-1912, and that he had not received a list of the specific written exhibits the State intended to offer at trial. As was noted in his written motion, Hatfield argued that the witnesses the State apparently intended to call should not be permitted to testify, because those witnesses had not been disclosed.

At no point during the course of this argument did Hatfield ask for a continuance. The State, however, did seek a continuance in the event the court was inclined to grant the sixth motion in limine, because in the State's view, a continuance was the proper cure for delay of notification of witnesses. The county court ultimately denied the motion in limine, and trial began.

At the conclusion of the first day of trial, the county court indicated it wanted to revisit the sixth motion in limine. That issue was again addressed the morning prior to the second day of trial. Following arguments at which the parties offered case law in support of their respective positions, the court noted that it did not want to grant a continuance because the jury had already been empaneled and because in any case, barring the use of evidence was one remedy available but was not the

only remedy available, and that Hatfield had to show he was prejudiced by the failure to disclose. Because Hatfield was aware he was missing the information and could have sought it via a motion to compel rather than by a motion in limine filed just prior to trial (at 4:31 p.m. the day before trial was set to begin), he had not shown prejudice. As such, the county court noted its prior ruling on the sixth motion in limine stood. While the county court observed it was not going to continue the trial at that point, Hatfield did not ask for a continuance at any time during the proceedings or seek any relief besides complete exclusion of the evidence.

Hatfield also contends the State failed to disclose the conviction upon which it was relying to support a second-offense charge against Hatfield. The district court rejected this claim, noting that Hatfield was aware the complaint charged a second offense and that Hatfield had been provided with his driver's abstract identifying by case number the prior DUI case. Hatfield was offered, but declined, a continuance in connection with this objection.

In this second appeal, the district court concluded that the county court had not erred, and it consequently affirmed Hatfield's conviction and sentence. Hatfield now appeals that decision to this court.

## ASSIGNMENTS OF ERROR

Hatfield assigns that the district court (1) erred in affirming the county court's admission of evidence offered at trial that was not disclosed to him as was required by the court's June 29, 2015, order and by § 29-1912 and (2) erred when sentencing him, because the prior conviction the court relied upon for a second offense was not disclosed to Hatfield prior to sentencing.

## STANDARD OF REVIEW

[1-3] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error

or abuse of discretion.[3] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.[4] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[5]

[4] Trial courts have broad discretion with respect to sanctions involving discovery procedures, and their rulings thereon will not be reversed in the absence of an abuse of discretion.[6]

## ANALYSIS

On appeal, Hatfield argues two separate incidents in which the State failed to disclose evidence. First, Hatfield contends the State failed to file witness and document lists despite being ordered to do so and that as such, its witnesses should not have been permitted to testify and certain documents—specifically the CLIA certificate and title 177 of the Nebraska Administrative Code—should not have been admitted into evidence. Hatfield also argues that the State did not provide a copy of a prior conviction sufficient to support a finding that Hatfield had previously been convicted of DUI.

[5] Discovery in a criminal case is generally controlled by either a statute or court rule.[7] Nebraska's principal discovery statute, § 29-1912, sets forth a list of evidence that may be subject to discovery at the discretion of the trial court. The list includes a defendant's prior criminal record, the names and addresses of witnesses on whose evidence the charge is based, and documents, papers, books, accounts, photographs, objects, or other tangible things of whatsoever kind or nature which

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *State v. Russell*, 292 Neb. 501, 874 N.W.2d 8 (2016).

[7] *Id.*

could be used as evidence by the prosecuting authority.[8] Neb. Rev. Stat. § 29-1919 (Reissue 2016) sets forth various remedies the court may employ when there is a claimed violation of a discovery order: The court may (1) order such party to permit discovery or inspection of materials not previously disclosed, (2) grant a continuance, (3) prohibit a party from calling a witness not disclosed or introduce evidence not disclosed, or (4) enter another order as it deems just under the circumstance. If a continuance would have been a sufficient remedy for a belated disclosure in violation of § 29-1912, a defendant who fails to request a continuance waives any rights he or she may have had pursuant to § 29-1912.[9]

Hatfield's arguments are without merit. The record shows that by the time the county court ordered the parties to engage in discovery, the State had, over 3 months prior, forwarded 51 pages of documents to Hatfield and informed him that still other evidence was available for his review at its offices or with law enforcement. That notice did not include a witness list. By the time the order for discovery was made, discovery had already taken place. There was no indication from a pretrial discussion about discovery, or the State's notice, that the parties anticipated a forthcoming witness list.

Hatfield filed his sixth motion in limine 9 months after discovery first commenced. In that motion, he made specific reference to the witnesses and documentation he believed to be missing. At least as of that date, it was clear Hatfield was aware of what discovery he had not received, yet our record does not indicate that he filed a motion to compel or sought a continuance. Instead, in the late afternoon of the day before trial, Hatfield filed a motion in limine seeking to prevent the State from offering this evidence at trial.

While a court may order that a party not be permitted to offer evidence at trial which it failed to disclose, this court has stated

---

[8] § 29-1912.

[9] See *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016).

a preference for a continuance in such situations.[10] Despite having 9 months to do so, Hatfield failed to seek a motion to compel or a continuance. The same holds true for Hatfield's prior conviction. A copy of Hatfield's driver's abstract was included in the discovery material provided to him, and a certified copy was offered at trial. Hatfield objected and was offered a continuance, but declined and stood on his objection.

The fact that Hatfield's driver's abstract—which listed the challenged prior conviction—was disclosed placed Hatfield on notice of the conviction the State planned to use to enhance his sentence. Hatfield could have investigated the conviction in more detail; he apparently chose not to do so. At the time of sentencing, not only did Hatfield not seek a continuance, but he declined one offered by the county court. In addition, the State noted at the sentencing hearing that a certified copy of the conviction had been available for review at its offices should Hatfield have chosen to review it in person.

We reject Hatfield's claims due to his failure to seek a continuance, and we find no prejudice owing to any belated disclosures on the State's part. Hatfield contends that because the State did not file a witness list, all its witnesses were effectively surprise witnesses. Specifically, Hatfield argues that Deputy Robert Sandersfeld and Investigator John Chavez of the Gage County sheriff's office were surprise witnesses involved in the chain of custody of his blood sample test and that he was unable to prepare for these witnesses. But Hatfield does not show what different preparation he would have made or how that preparation would have changed the examination of Sandersfeld and Chavez, let alone the examination of all of the State's witnesses. Moreover, we observe that the record shows that while a witness list was not provided, the identities of the witnesses the State ultimately called, including Sandersfeld and Chavez, were available in the discovery made or offered to Hatfield. This claim fails.

---

[10] See *id.*

We also reject Hatfield's assertion regarding both title 177 of the Nebraska Administrative Code and the CLIA certificate. Hatfield was charged with DUI. Title 177 is a public record routinely applied in such cases, and CLIA certificates are routinely referenced in cases involving laboratory testing. Hatfield exhibited that knowledge by referencing both in his motion in limine. Hatfield has not shown that he was prejudiced by the State's belated disclosure of either.

Finally, we reject the assertion that Hatfield was prejudiced by the State's failure to disclose and provide a copy of his prior DUI conviction for enhancement purposes. Hatfield was charged with second-offense DUI. The information filed against him referenced the same conviction he now complains was not disclosed to him. As noted above, Hatfield was provided with a copy of his driver's abstract which included the now-challenged conviction.

We have consistently held that in discovery disputes where a continuance can cure any prejudice caused by a failure to disclose, it is that remedy that should be utilized. We reject Hatfield's invitation to overrule that authority.

We review the lower court's action for an abuse of discretion. Hatfield declined to ask for a continuance, declined to join in the State's suggestion of a continuance at trial, and at sentencing declined to accept the court's offer of a continuance. Hatfield has also failed to show that he was prejudiced by the State's belated disclosures. Hatfield's arguments on appeal are without merit.

## CONCLUSION

We affirm the decision of the district court affirming the judgment and conviction of the county court.

Affirmed.

Freudenberg, J., not participating.